UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOOPT NETWORKS, INC., <br> Plaintiff, <br> v. <br> GNANENTHIRAN JAYANTHAN, <br> Defendant. | Case No.17-cv-04714-HSG <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF** <br><br> Re: Dkt. No. 49 |

Pending before the Court is a motion to withdraw as counsel by Lawrence Townsend, attorney for Plaintiff Autoopt Networks, Inc. Dkt. No. 49. For the reasons set forth below, the motion is **GRANTED**.

**I.      DISCUSSION**

Mr. Townsend seeks to withdraw as counsel for Plaintiff "due to applicable considerations of and guidelines for professional conduct." *See* Dkt. No. 49-1 (Declaration of Lawrence G. Townsend) at 1-2.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal.

Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

Here, Mr. Townsend's request to withdraw satisfies the applicable local rules. He filed this motion in early February, providing both Plaintiff and Defendant with nearly two months' notice of his potential withdrawal. The Court is also persuaded that the California Rules of Professional Conduct permit withdrawal in this instance. Moreover, in balancing the equities, the Court finds that withdrawal is just, and will not cause any undue prejudice or delay. Mr. Townsend represented in his papers and on the record that Plaintiff's representative, Dipesh Shah, is seeking counsel and expects to obtain counsel by early May. In the exercise of its discretion, the Court thus finds that withdrawal is warranted. Because Plaintiff is a business entity, and as such may appear in federal court only through counsel, *see In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam); Civ. L.R. 3-9(b), the Court directs Mr. Townsend to accept service of papers for forwarding to Plaintiff unless and until Plaintiff appears by other counsel. *See* Civ. L.R. 11-5(b). Mr. Townsend must also notify Plaintiff of this condition. *See id.*

Last, if Plaintiff fails to obtain counsel by April 30, 2018, the Court will immediately issue an order to show cause why this case should not be dismissed with prejudice for failure to

2

prosecute. *See Poga Mgt Ptnrs LLC v. Medfiler LLC*, No. C 12-06087, 2014 WL 5077312, at *2 (N.D. Cal. Oct. 9, 2014) (granting motion by plaintiff corporation's attorney to withdraw, and stating that if plaintiff failed to file a substitution of counsel within 21 days, "the court will recommend dismissal of the case for failure to prosecute it"); *Ahura Energy, Inc. v. Applied Materials, Inc.*, No. 12-CV-4865-LHK, 2013 WL 623048, at *3 (N.D. Cal. Feb. 15, 2013) (ordering plaintiff corporation that failed to retain counsel "to show cause why this case should not be dismissed with prejudice for failure to prosecute"); *Advanced Eng'g Solution, Inc. v. Paccar, Inc.*, No. 5:12-CV-00986-LHK, 2012 WL 4005557, at *3 (N.D. Cal. Sept. 12, 2012) (finding that plaintiff corporation's failure to retain counsel weighed in favor of dismissal for lack of prosecution under Federal Rule of Civil Procedure 41(b)).

## II. CONCLUSION

Accordingly, Mr. Townsend's motion to withdraw as counsel for Plaintiff is **GRANTED**, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated: 4/6/18

HAYWOOD S. GILLIAM, JR.
United States District Judge

3