UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOOPT NETWORKS, INC., <br> Plaintiff, <br> v. <br> GNANENTHIRAN JAYANTHAN, <br> Defendant. | Case No.17-cv-04714-HSG <br><br> **ORDER SETTING ASIDE ENTRY OF DEFAULT** |

On May 2, 2018, the Clerk entered Plaintiff AutoOpt Networks, Inc.'s default as to Defendant Gnanenthiran Jayanthan's counter-complaint. Dkt. No. 74; *see also* Dkt. No. 12 (counter-complaint). On June 11, 2018, Plaintiff filed a motion erroneously styled as a motion to vacate the default judgment. *See* Dkt. No. 79. The Court has not entered a default judgment in this case, but it is clear that Plaintiff seeks for the Court to set aside the May 2 entry of default, even though his motion repeatedly conflates the two concepts. *See Mohanna v. Bank of Am., N.A.*, No. 16-cv-01033-HSG, 2017 WL 976015, at *2 (N.D. Cal. Mar. 14, 2017) ("When a party has failed to plead or defend against a complaint, the clerk 'must enter the party's default.' Following an entry of default, the Court may enter a default judgment upon request.") (citing Fed. R. Civ. P. 55(a), (b)(2)).

Defendant, for his part, correctly notes that there is no default judgment in this case, Dkt. No. 80 at 1, but incorrectly contends that there is also no entry of default, *id.* at 3. He further argues that "[t]o grant [Plaintiff's] requested relief would be futile and nonsensical," and "[t]o grant any other relief would be a violation of [Defendant's] due process rights." *Id.* at 1. While the Court agrees that it cannot grant Plaintiff's motion to set aside a non-existent default judgment, it can sua sponte set aside the Clerk's entry of default as to Defendant's counterclaims, given that

this is obviously the relief sought. *See Lemieux v. Lender Processing Ctr.*, No. 16-cv-01850-BAS-DHB, 2018 WL 637945, at *4 (S.D. Cal. Jan. 31, 2018) (citation omitted). The Court finds that doing so is appropriate here, and finds Defendant's "due process" argument meritless.

Federal Rule of Civil Procedure 55(c) permits a court to "set aside an entry of default for good cause." Courts in this Circuit look to three factors in determining whether good cause exists: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). This determination is within the court's discretion, which is "especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted). "Where . . . the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Id.* (citation omitted).

Applying the *Falk* factors, the Court finds good cause to set aside the entry of default. Defendant has made no showing of prejudice, and can still pursue his counterclaims.[1] And, while the lack of motions practice in this case precludes the Court from concluding that Plaintiff has a meritorious defense to the counterclaims, any doubt at this juncture should be resolved in Plaintiff's favor. *See O'Connor*, 27 F.3d at 364. Last, the Court considers whether Plaintiff's "culpable conduct" led to the default. *See Brandt*, 653 F.3d at 1111. Even where a party "has received actual or constructive notice of the filing of the action and intentionally failed to answer the complaint," if he can then "offer a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process, the failure to answer is not necessarily . . . culpable or inexcusable." *See Investcorp Ret. Specialists, Inc. v. Ohno*, No. C-07-01304 RMW, 2007 WL 2462122, at *3 (N.D. Cal. Aug. 28, 2007) (citations and internal quotation marks omitted) (original ellipses). Here, the delay appears to be attributable to the failure of Plaintiff, a corporation, to obtain

---

[1] While *Falk* directs courts to look to whether plaintiffs will be prejudiced, the Court considers the prejudice to Defendant because the claim as to which the Clerk entered default is a counter-claim.

2

counsel, which precluded it from appearing in this Court. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam); Civ. L.R. 3-9(b). That delay, as Plaintiff's president and founder explained in response to the Court's order to show cause, was due to his flying to India on short notice for a family emergency. *See* Dkt. No. 76. This explanation was satisfactory for purposes of discharging the Court's order to show cause, *see* Dkt. No. 77, and is satisfactory for purposes of Rule 55(c).

Accordingly, the Court sua sponte **SETS ASIDE** the Clerk's entry of default, and **DIRECTS** Plaintiff to answer Defendant's counter-complaint by September 7, 2018. This order terminates Docket Number 79.[2]

**IT IS SO ORDERED.**

Dated: 8/31/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] To the extent the Court construes Plaintiff's noticed motion as one to set aside the entry of default, it finds that the matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civil L.R. 7-1(b). The hearing on Plaintiff's motion set for September 6, 2018 is accordingly **VACATED**.

3