UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOOPT NETWORKS, INC., <br> Plaintiff, <br> v. <br> VIJAY KARANI, et al. <br> Defendants. | Case No. 17-cv-04714-HSG (TSH) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 82, 83, 85, 88 |

## I. INTRODUCTION

Pending before the Court are Plaintiff AutoOpt Networks, Inc.'s ("AutoOpt's") and Defendant Gnanenthiran Jayanthan's ("Jayanthan's") August 20, 21, 30 and 31, 2018 Discovery Letter Briefs, ECF Nos. 82, 83, 85 and 88, relating to Jayanthan's interrogatories and requests for production ("RFPs"). The Court held oral argument on September 20, 2018. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## II. DISCUSSION

**A.  Jayanthan's Interrogatory No. 3.**

This interrogatory asks AutoOpt to "[i]dentify the alleged infringing software, including an identification of all alleged similarities between the AutoOpt software and the alleged infringing software." ECF No. 82-2. AutoOpt's response is, "[u]ntil such time as a copy of the infringing software is produced and can be compared and analyzed, this interrogatory cannot be meaningfully answered." *Id.*

In the letter brief, AutoOpt states it "had requested defendant to produce the object and source code of the [infringing] software," ECF No. 85 at 6, but "Defendant has not produced that

source code or any of the external devices which has prevented plaintiff being able to make the comparison to show infringement about which defendant now complains." *Id*. at 7; *see also id*. ("It is plaintiff's position that defendant and Mr. Karani have obfuscated and failed to produce the items sought and needed by plaintiff to compare the software and show the infringement comparisons that the evidence so far show exists.").

At the hearing, AutoOpt explained further that it currently has some information responsive to interrogatory 3, such as information gained from emails. It expects it may learn additional information responsive to this interrogatory at some depositions that have yet to take place. *See* ECF No. 93 (limited extension of fact discovery cutoff for specified depositions). Also, AutoOpt has possession of Karani's computer, which it believes has the allegedly infringing software on it, although AutoOpt recently came into possession of that computer and cannot presently estimate when it will be able to perform an analysis of the software.

In this copyright infringement case, interrogatory 3 seeks relevant information; that is undisputed by the parties. In the abstract, the interrogatory's request for the identification of "all" alleged similarities between the infringing software and plaintiff's registered software could potentially be disproportional, depending on the nature of the software at issue (such as how large it is) and the level of detail needed to explain the similarities. But AutoOpt did not object to the interrogatory on that basis and did not make a proportionality argument in the letter briefs or at the hearing.

AutoOpt's actual objection in its discovery responses – that it requested the allegedly infringing software in discovery but Jayanthan did not produce it – might seem like an eminently fair objection. After all, how can AutoOpt be expected to perform the analysis that would appear to be needed to answer interrogatory 3 if it doesn't have the allegedly infringing software to analyze? The objection is to a certain extent overstated. At the hearing, AutoOpt acknowledged it does have some information with which to answer the interrogatory. Further, AutoOpt now states it is in possession of at least one copy of the allegedly infringing software, i.e., the version on Karani's computer.

But the larger problem with this objection is that AutoOpt is the plaintiff suing for

copyright infringement. At trial it is going to have to identify the allegedly infringing software and explain why it is infringing – it will need to say *something* about those issues simply as part of putting on its case. Early in fact discovery it can be entirely appropriate for a litigant to say it cannot answer a contention interrogatory until the other side produces documents. But here, fact and expert discovery closed on September 14, 2018, *see* ECF No. 34, except for specified depositions. Except for what it may learn at the upcoming depositions, at this point, AutoOpt has no right to expect it will get any additional documents or information from Jayanthan. AutoOpt therefore cannot continue to refuse to answer interrogatory 3 claiming it is waiting for Jayanthan to produce things because (except for the upcoming depositions), it isn't waiting for anything.

Whatever AutoOpt's copyright case is at this point, it needs to disclose it to Jayanthan. At this late date, Jayanthan should not be in the position of having to guess what AutoOpt's theories will be at trial concerning what the allegedly infringing software is and how it is similar to AutoOpt's software.

At the hearing, the Court discussed with the parties the timing of AutoOpt's amended responses (to both this and interrogatory 8). The Court initially suggested 30 days. Jayanthan requested two weeks so that he can have the amended responses in time to prepare for the upcoming depositions. AutoOpt stated this was feasible. Accordingly, the Court **ORDERS** AutoOpt to amend its response to interrogatory 3 within 14 days, answering the interrogatory to the best of its ability.

The Court also reminds AutoOpt that Federal Rule of Civil Procedure 26(e)(1)(A) imposes a continuing obligation on "[a] party . . . who has responded to an interrogatory . . . [to] supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . ."

**B.    Jayanthan's Interrogatory No. 8**

This interrogatory asks AutoOpt to "[d]escribe in detail any and all damages that YOU claim were cause[d] by alleged copyright infringement by each defendant in this case." ECF No.

3

82-2. AutoOpt's response is that "[t]his interrogatory is premature. Until such time as discovery and investigation are substantially completed, no such calculation of damages can be made. Plaintiff also reserves the right to seek statutory damages and/or to recover any unlawful profits from the infringement." *Id*.

In the letter brief, AutoOpt argues it has the same problem answering this interrogatory that it did with answering interrogatory 3: "Plaintiff has requested that defendant provide his financial information, and particularly all of his W-2 forms, his 1099's and his tax returns to show his sources of income since he left working at AutoOpt. Defendant has refused." ECF No. 85 at 8. "These would be the sources necessary to show income made by the infringing software . . ." *Id*. AutoOpt also states it is "claiming damages for diminished revenue," *id*., although its argument for why it does not have that information in its own possession is unclear.

At the hearing, AutoOpt stated there is some information responsive to interrogatory 8 that it can currently provide, such as information about its alleged lost profits. AutoOpt also stated it expects to learn additional responsive information in the upcoming depositions and that Jayanthan has agreed to produce documents relevant to this interrogatory in connection with his deposition.

On the merits, the information sought by interrogatory 8 is relevant. It's also proportional (although, again, AutoOpt does not dispute either point). Early in discovery it could be, and often is, unreasonable to expect a plaintiff to quantify its damages, since it may still be investigating, it may need discovery from the defendant to determine its damages, and the quantification of damages is often presented in an expert report. But in this case, fact and expert discovery are both over except for certain depositions. Whether or not Jayanthan produced all the discovery AutoOpt wanted, as the plaintiff in this copyright action, AutoOpt is going to have to say something at trial about what its damages are. Whatever that story is going to be, Jayanthan is entitled to know it. A defendant should not have to learn for the first time what damages the plaintiff is seeking during trial; it is entitled to that information in discovery. Further, AutoOpt now acknowledges it can provide information about its claimed lost profits.

Accordingly, the Court **ORDERS** AutoOpt to amend its response to interrogatory 8 within 14 days to answer it to the best of its ability. The Court also reminds AutoOpt of its continuing

4

obligation to supplement under Rule 26(e)(1)(A).

## C. Verification of AutoOpt's Interrogatory Responses

Jayanthan requests an order requiring AutoOpt to verify its interrogatory responses. ECF No. 85 at 9. AutoOpt did not specifically respond to that request in the letter brief. *Id.* at 10. AutoOpt's interrogatory responses do state, on the page following counsel's signature, "VERIFICATION TO FOLLOW." ECF No. 82-2 at 7. At the hearing, AutoOpt acknowledged that verifications are required.

Federal Rule of Civil Procedure 33(b)(3) states that "[e]each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." AutoOpt's responses to interrogatories 2, 3, 4, 6, 7, 8, 9 are before the Court. ECF No. 82-2.[1] AutoOpt's responses to the other interrogatories were not submitted in connection with the letter briefing, so the Court is unable to determine whether those interrogatories were "objected to" in their entirety, in which case verification would not be required. Accordingly, the Court does not address any interrogatory responses other than these.

AutoOpt did not object to interrogatories 2, 4, 6, 7 and 9. Accordingly, verifications were required. The Court therefore **ORDERS** AutoOpt to verify those responses within 14 days. The Court also **ORDERS** AutoOpt to verify its upcoming amended responses to interrogatories 3 and 8 since they must have factual content and not consist solely of objections.

## D. Jayanthan's RFPs 1, 2, 3, 29, 6, 8, 11, 12, 15, 32, 42

In its discovery responses, AutoOpt agreed to produce all responsive documents in its possession, custody or control for RFPs 1, 2, 3, 29, 6, 8, 11, 15, and 32. ECF No. 83-2. AutoOpt objected to RFP 12 but stated in the letter brief that it would produce responsive documents. *Id.*; ECF No. 88. So, for these RFPs the dispute is over timing. Since fact discovery closed on September 14, AutoOpt should already have produced the documents it said it would produce. At the hearing, Jayanthan requested that AutoOpt be ordered to produce responsive documents within 14 days in light of the upcoming depositions. AutoOpt agreed that was reasonable for most of the

---

[1] The first line of AutoOpt's response to interrogatory 11 was submitted to the Court, ECF No. 82-2, but the Court cannot tell if there was an objection asserted later in the response.

5

1 RFPs but not all of them.

2 The Court **ORDERS** AutoOpt to produce all documents responsive to RFPs 1, 6, 11 and
3 12 within 14 days, as AutoOpt stated it could do so.

4 At the hearing AutoOpt argued that it is impossible for it to produce the executable version
5 of its software and it would therefore produce only the source code instead. On that basis,
6 AutoOpt stated it could not produce documents responsive to RFP 3. It is true that the parties'
7 letter brief states that RFPs 2 and 3 both ask for executable versions. ECF No. 88. Following the
8 hearing, however, the Court again reviewed the RFPs themselves (ECF No. 83-2). In fact, RFP 2
9 asks for the executable version, and RFP 3 seeks the source code version. Accordingly, the Court
10 **ORDERS** AutoOpt to produce documents responsive to RFP 3 within 14 days and **DENIES**
11 Jayanthan's motion to compel as to RFP 2.

12 For RFP 8, AutoOpt requested additional time to collect and produce the deposits with the
13 Copyright Office. Accordingly, the Court **ORDERS** AutoOpt to produce documents responsive
14 to RFP 8 within 30 days.

15 For RFP 15, the Court **ORDERS** AutoOpt to produce responsive documents within 14
16 days, except that documents that are responsive to RFP 8 may be produced within 30 days, and
17 documents responsive to RFP 2 need not be produced at all.

18 For RFP 32, AutoOpt states that the only responsive material it has is the software on the
19 Karani computer. AutoOpt thinks it can produce a mirror image of the computer but has not been
20 able to confirm that with its technical personnel. Accordingly, the Court **ORDERS** AutoOpt to
21 produce documents responsive to RFP 32 within 30 days, subject to any technical issues or
22 problems it may encounter.

23 RFP 42 seeks the Jayanthan computer. AutoOpt stated in its responses that it would make
24 the computer available for inspection. ECF No. 83-2. In the letter brief, Jayanthan stated that
25 AutoOpt had not made the computer available because it was on the East Coast. ECF No. 88. At
26 the hearing, AutoOpt reported that the computer has now been returned to the Bay Area and is
27 currently in counsel's office. The parties agreed that Jayanthan can do an inspection locally.
28 Accordingly, the Court **ORDERS** the parties to meet and confer and find a mutually agreeable

time for Jayanthan to perform an inspection.

### E.     Jayanthan's Requests for Sanctions

In the letter briefs, Jayanthan seeks several forms of sanctions. Those requests are **DENIED** because sanctions are not warranted at this time. The Court also reminds the parties of the undersigned's Discovery Standing Order, which provides that "[n]o motion for sanctions may be filed until after the moving party has complied with the requirements above" concerning discovery letter briefs, and that "[m]otions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-4."

**IT IS SO ORDERED.**

Dated: September 20, 2018

THOMAS S. HIXSON
United States Magistrate Judge